# Hunter *v.* Pennsylvania Railroad Company, Appellant (No. 2).

*Railroads—Negligence—Fire from sparks—Contributory negligence—Evidence.*

In an action against a railroad company to recover damages for the destruction of woodland by sparks negligently emitted from a locomotive, plaintiff is guilty of contributory negligence as a matter of law, where the evidence shows that he saw the fire soon after it started on the railroad company's right of way abutting on another person's property, and made no effort to extinguish it, or to induce anybody else to extinguish it until two days afterwards when the fire reached his own land; and it is no excuse for him that he was driving a young team at the time, if it appears that he could easily have driven the team to his own barn, which was not far away, and could have, at least, made an effort to put out the fire.

Argued Oct. 27, 1910. Appeal, No. 106, Oct. T., 1910, by defendant, from judgment of C. P. Clearfield Co., Feb. Term, 1909, No. 102, on verdict for plaintiff in case of Nelson V. Hunter v. Pennsylvania Railroad Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Negligence for damages to woodland caused by sparks from a locomotive. Before A. O. SMITH, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $160. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*Hazard Alex. Murray*, with him *Thomas H. Murray* and *James P. O'Laughlin*, for appellant.

*Singleton Bell*, with him *Howard B. Hartswick* and *W. C. Miller*, for appellee.

OPINION BY MORRISON, J., March 3, 1911:

For the reasons given in the opinion this day filed in the case of John H. Hunter v. Penna. R. R. Co., ante, p. 468, we would affirm the judgment in this case were it not for the clear, precise and convincing testimony that this plaintiff was guilty of contributory negligence. He saw the fire soon after it started on defendant's right of way on the morning of October 12, 1908, and he did not make the slightest effort to extinguish it or to induce anybody else to extinguish it, until the fourteenth, the day the damage was done to his property. His excuse for not extinguishing the fire, or attempting so to do, was that on October 12, he was driving a young team and could not leave them. This excuse is idle in the face of the fact that the fire was near to his property and he was only a few minutes drive from his home and could easily have driven his team back into the barn, and could have at least made an effort to put out the fire. In our opinion it was error for the court to submit to the jury the question of his negligence. We think a jury ought not to have been allowed to draw any other inference from his conduct than that of contributory negligence, and the court erred in not directing a verdict in favor of the defendant on that ground. This should have been done on plaintiff's own testimony. Even though some one else is guilty of negligence in allowing a fire to start, a man cannot stand idly by and allow it to spread to his property and destroy it, without making a reasonable effort to put it out. For the above reasons we sustain the assignments of error as to the negligence of the plaintiff.

Judgment reversed.